Gaston, Judge,
after stating the case as above proceeded as follows : — According to the settled law of the land, ‘before the act of 1823, (sec. 1 Rev. Stat. c. 37, sec. 22) making certain limitations of slaves by deed valid, a conveyance of a slave by deed, after a life estate, or with a reservation of a life estate therein, was void. Graham v. Graham, 2 Hawks, 322—Foscue v. Foscue, 3 Hawks, 538—Sutton v. Hallowell, 2 Dev. Rep. 186. These decisions were founded avowedly on the principle that there could not be any remainder in a slave, after a life estate granted by déed. The opinion of the Judge upon the operation of the first deed is in conformity with these decisions, and. the principle which sustains them necessarily leads also to the opinion given by him upon the operation of the second deed. If a remainder after a life interest in a chattel be null, because the life interest is *44 the whole estate — then a conveyance of that chattel for hfe, must pass the whole estate. It is insisted however that this P™ciple is not to be applied to the deed made to Rum-ley. It is said that because the consideration oi that conveyance is declared to be the render of an annual sum, it is to be inferred that the contract was in the nature of a lease. I do not see how this inference will help the plaintiff, unless we can also infer that the lease was to be short of a lease for —as ^ie Jease °f a chattel for life, as well as the con-yeyance of the same for life, if made by deed, is subject to the direct operation of the principle that it leaves no remainder in the lessor or bargainor. It is very clear that we cannot • infer that this was a lease for any certain number of years — and still less that it wa.s a lease from year to year— determinable by the death of the lessor. If a lease, it is certainly one during the life of th'e lessor. Rut I am at a Joss to conceive why it is called a lease. It purports in di- , ‘ , . , , , , , . ,, „ , rect terms to be “a bargain and sale and delivery of the negro himself, and an annuity furnishes as fit a consideration for a sale, as a sum in gross. It purports to be a sale of the negro during her life, because it was no doubt-supposed by her, that she had a life estate only to dispose of, the residuary interest being in her daughter. If the legal operation of this deed be to transfer her entire estate, contrary to her actual intent, there is less cause to regret it, as thereby is corrected the inconvenience of disappointing the intent of the intestate in the conveyance of this ulterior interest to her daughter, as was no doubt contemplated by the former deed. The Court sees no error in the judgment rendered below, and directs it to be affirmed.
A lease for chattel! if by subject to construc-convey- a anee for remainder0 Common Law, in either case.
Pee CuRiam. Judgment affirmed.